```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
UNITED ASSOCIATION, LOCAL              :
UNION NO. 322 PENSION FUND,            :   CIVIL ACTION NO. 06-6120 (MLC)
et al.,                                :
                                       :           O R D E R
        Plaintiffs,                    :
                                       :
        v.                             :
                                       :
SBW, INC., et al.,                     :
                                       :
        Defendants.                    :
                                       :
```

**THE PLAINTIFFS** ("Union Parties") bringing this action ("District Court Action") against the defendants — (1) SBW, Inc. ("SBW"), and (2) William Patterson and Stacey Patterson, who are named "individually and d/b/a SBW, Inc." — to recover payment for fund contributions ("Contributions") due and owing under a labor contract and a trust agreement (dkt. entry no. 1, Compl.); and the Court, in an order entered April 8, 2009 ("April 2009 Order"), terminating the District Court Action as being settled without prejudice to reopen (dkt. entry no. 26, 4-8-09 Order); and the Union Parties, six days later, moving to reopen the District Court Action ("Motion to Reopen") (dkt. entry no. 28, Not. of Mot.); and the Union Parties arguing that (1) "SBW is owned by William and Stacey Patterson", (2) the former Magistrate Judge, by order entered January 22, 2008, stayed the District Court Action to allow the defendants to consider bankruptcy protection,[1] (3) on

---

[1] That Order is found at docket entry number 18 on the District Court Action docket.

"April 28, 2008, [William Patterson and Stacey Patterson] filed a Chapter 11 Voluntary Petition in the United States Bankruptcy Court for the District of New Jersey (No. 08-17681-MBK) [("Bankruptcy Action")]", and (4) on "February 5, 2009 . . . the parties agreed that SBW would stipulate to the entry of a Consent Order and Judgment in favor of [the Union Parties]", the "claims against [William Patterson and Stacey Patterson] were to remain stayed in light of the pending bankruptcy action", and "SBW's claims against [a third-party defendant] were not settled or resolved" (dkt. entry no. 28, Pls. Mem. at 2-3); and the Union Parties further arguing that (1) "the matter has been only partially resolved" and (2) a "Joint Stipulation for Entry of Consent Order and Judgment in favor of [the Union Parties] and against . . . SBW" is forthcoming (id. at 3); and

    **THE COURT** reviewing the Bankruptcy Action docket, see In re Patterson, N.J. Bankr. Ct. No. 08-17681 (MBK); and it appearing that the Union Parties are listed as creditors, id., dkt. entry no. 12, 5-8-08 Schedule F; and it appearing that SBW is listed as a co-debtor for the debt to the Union Parties, id., 5-8-08 Schedule H; and the Union Parties appearing in the Bankruptcy Action, id., dkt. entry no. 30, Not. of Appearance; and the Union Parties (1) filing proofs of claim for the Contributions, and (2) objecting to the reorganization plan submitted by William Patterson and Stacey Patterson because, inter alia, the plan failed to account

2

for the Contributions, id., dkt. entry no. 50, 11-7-08 Objection at 1-3; id., dkt. entry no. 65, 3-25-09 Objection at 1-3; and the Union Parties appearing at a Bankruptcy Court hearing concerning the Contributions, id., Ex. 2, 12-10-08 Hr'g Tr. at 4-6; and

**IT BEING APPARENT**, from the review of the Bankruptcy Action docket, that the issues in the District Court Action are being litigated in the Bankruptcy Action;[2] and this Court thus intending to (1) grant the Motion to Reopen, (2) reopen the District Court Action, (3) vacate the April 2009 Order, and (4) refer the claims being asserted in the District Court Action — including the third-party claims — to the Bankruptcy Court, see 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district");[3] and

**IT APPEARING** that — to determine the extent of the authority of the Bankruptcy Court over these claims — it must be determined whether this action is (1) a "core proceeding" or (2) a "non-core proceeding", defined as "a proceeding that is otherwise related

---

[2] The Union Parties should have made this District Court Judge aware of the related activity occurring in the Bankruptcy Action sooner.

[3] This is also permitted pursuant to the Standing Order of Reference by the United States District Court for the District of New Jersey, dated July 23, 1984.

to a case under title 11", 28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceeding, and district court enters final judgment after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority); but it appearing that such a determination will be made by the Bankruptcy Court upon referral of the claims in the District Court Action, see 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); see also Thomason Auto Group v. China Am. Coop. Auto., No. 08-3365, 2009 WL 512195, at *5 n.6 (D.N.J. Feb. 27, 2009) (stating same); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-*4 (D.N.J. Apr. 23, 2007) (same); and for good cause appearing;

4

**IT IS THEREFORE** on this      23rd     day of April, 2009, **ORDERED** that the plaintiffs' motion to reopen the action (dkt. entry no. 28) is **GRANTED;** and

**IT IS FURTHER ORDERED** that the action is **REOPENED;** and

**IT IS FURTHER ORDERED** that the Court's Order, entered April 8, 2009 (dkt. entry no. 26) is **VACATED;** and

**IT IS FURTHER ORDERED** that the entire action is **REFERRED** to the United States Bankruptcy Court, District of New Jersey; and

**IT IS FURTHER NOTED**, for the benefit of the Clerk of the Bankruptcy Court, that the action appears to be related to In re Patterson, N.J. Bankr. Ct. No. 08-17681 (MBK); and

**IT IS FURTHER ORDERED** that the Clerk of the District Court designate the action as **CLOSED.**

 s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

5